[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford/Norwalk at Norwalk.
Docket No. CR1-112695; CR1-114168; CR1-113416
Thomas J. Wynne, Jr., Esq., Defense Counsel, for Petitioner
Steven Weiss, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner, then 31 years of age, pleaded guilty to Public Indecency (§ 53a-186); Larceny 6th degree (§ 53a-125b); Sale of Narcotics (§ 21a-277a) and Failure to Appear, 1st degree (§ 53a-172).
He was sentenced to a term of ten years, execution suspended after seven years, probation three years on the narcotics charge, and to concurrent sentences on the other counts, so the total effective sentence was ten years, execution suspended after seven years, with probation for three years.
The plea agreement called for a cap of ten years to be recommended by the state with the right to argue for less.
Counsel argues that the petitioner was in a drug treatment program and that he should have been allowed to stay in the program — with a suspended sentence. Parham states a co-defendant got a sentence which allowed him to take advantage of a drug rehabilitation program and in fairness he should have been given the same opportunity.
The State's Attorney argues there was evidence that the CT Page 4737 petitioner was actively involved in and that the sentence was certainly fair.
The sentencing Court was not mandated to give the petitioner a suspended sentence because he was in a drug program.
The petitioner's criminal record, which was ongoing for some fourteen years is outrageous. It includes assaults, burglaries, sexual assault, 1st degree, possession of narcotics and two prior convictions of sale of narcotics, assault on a police officer and more.
The petitioner now claims he has a bad drug problem, but in prior reports denied use of hard drugs and only occasional use of marijuana.
When this sentence is reviewed pursuant to the provisions of § 43-28 of the Practice Book, it is clearly neither disproportionate nor inappropriate. The Court gave him three years off the cap in consideration of his efforts, however belated, at drug abuse counseling. It also mandated that he submit to substance abuse evaluation and treatment as recommended by the probation office, so there is a rehabilitative component to the sentence.
The sentence was fair and reasonable. It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.